SOUTHERN DEVELOPMENT CO. OF NEVADA v. SILVA.[1]

(Circuit Court, N. D. California. August 8, 1881.)

1. JURY TRIAL—WAIVER—EQUITY.
   Where a complainant brings a suit in equity, and presses it to a hearing on the merits over defendant's objection to the jurisdiction, he waives his right to a jury trial.

2. EQUITY—JURISDICTION—REHEARING.
   Where one brings a suit in equity, and presses it to a hearing on the merits over defendant's objection to the jurisdiction, and it is defeated on the merits, and there are some grounds which would seem to entitle an equity court to jurisdiction, complainant's motion for a rehearing on the ground of want of jurisdiction will be denied.

Action by the Southern Development Company of Nevada against one Silva. There was a decree for defendant, and complainant applies for a rehearing. Application denied.

P. Reddy, for complainant.

Langhorn & Miller, for defendant.

SAWYER, Circuit Judge. This is a bill to rescind a contract of purchase of a silver mine, on the ground of fraudulent representations, and to recover the consideration paid. The mine had been worked for some time before the filing of the bill to rescind, and exhausted of such mineral as was found in it. The defendant demurred for want of equity, and insisted that it was not a case for equitable cognizance, while complainant earnestly maintained the contrary. The court, being of opinion, upon the authorities, as they then stood, that the bill presented a case for equitable cognizance, overruled the demurrer, and required an answer to the bill. An answer and replication having been filed, and the testimony regularly taken, in pursuance of the equity practice of the court, the case was finally heard and submitted on the merits. The defendant again at the final hearing earnestly pressed the jurisdictional objection, and the complainant as earnestly insisted upon the jurisdiction. After elaborate arguments upon voluminous testimony, and a full consideration, the court came to the conclusion that the case was within its equity jurisdiction, and that the bill must be dismissed on the merits. The opinion on file in the case was thereupon written, and concurred in by the district judge, and was ready for announcement. Before the announcement a supplemental brief of defendant, filed in another case, but made applicable to this also, attracted the attention of the court, in which the

-----

[1] This case has been heretofore reported in 12 Sawy. 526, and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter.

case of Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, decided since the argument and submission, but not reported, was cited by defendant as sustaining his position that the case was not one of equity jurisdiction. Although it seemed, at first view, to cover this case, upon further consideration the court was in doubt. As the complainant still failed to yield to the authority of the decision, and as the bill must be dismissed in either view of the case, the decision was announced, and the bill dismissed upon the merits; a reference to the case cited having been introduced into the opinion. The decision being adverse, the complainant now changes its ground, denies the jurisdiction of the court, and seeks a rehearing mainly upon that ground, although insisting that the decree should have been in its favor on the merits, and making that alleged error a ground for rehearing also.

The object sought is to have the bill dismissed for want of jurisdiction, in order that complainant may try the case over again in another suit, also in equity, there being one now pending as an appendage to a suit of intervention in a suit between an indorsee of the defendant and Wells, Fargo & Co. upon the certificate of deposit issued for the specific purchase money which formed the consideration of the sale of the mines. If the court is without jurisdiction in this case, it would seem to be equally so in that. The complainant's petition for rehearing on this ground is entitled to no consideration, unless the court is absolutely without jurisdiction over the subject-matter, in such sense that the decree would be void for want of jurisdiction; and we are not satisfied that it is. Complainant selected its own forum, and pressed its case to a hearing and decision on the merits, against the opposition of the defendant, based on this very ground, and only desires a rehearing because it failed on the merits. The bringing of the suit and pressing it to a hearing on the equity side of the court, against the protest of the defendant, should be regarded as a waiver of any right to try the case by a jury, and all the advantages, if any there be, that it might have otherwise enjoyed in a court of law. We are by no means certain that this case falls within the decision in Buzard v. Houston. It is by no means so bald of equities as that case. There are many circumstances set out that seem to be appropriate to the jurisdiction of a court of equity. There was a question raised as to whether the parties could be placed in statu quo,—the complainant having worked the claim for some time, and taken out the metal so far as any was found; and there was some rich ore in sight, or the purchase would not have been made. At least, so says the bill. This would seem to present a case for an accounting as to the cost of working the mine, and the amount of the precious metal yielded. So, also, as an answer on oath was not waived, the defendant was called upon to answer under oath, and in that aspect of the case it was substantially a bill of discovery. The answer to the material allegations of the bill, denying them, not only formed an issue, but it was evidence in the case called out by plaintiff. The complainant was entitled, under the equity practice, to obtain his evidence in that way, however inconvenient, at this day, it may be. Were we to grant a rehearing and dismiss the bill for want of jurisdiction, our action would, at least, present a fair case for appeal

by the other side, and an appeal would doubtless be taken. It might just as well be taken now, at this point, before the case becomes complicated by further action, and the trial of the other suits. Should it turn out that the case is a proper one for equitable cognizance, the supreme court will try the case anew, and affirm the decree, if found correct, or if not, render such a decree on the merits as the evidence requires. Should the decree be reversed and the bill dismissed for want of jurisdiction, we shall then know authoritatively what to do in the other suits. That would end the litigation, whereas, should we grant a rehearing and dismiss the bill for want of jurisdiction, and this action should turn out on appeal to be erroneous, then there is no knowing where the litigation would end, or what embarrassments and complications might arise from the other suits pending. It will be better for all parties to have the matter settled at this point. If any inconvenience should result to complainant from this course, it will arise from its own action in selecting the wrong jurisdiction, and, against the protest of the defendant, insisting upon trying the case in an improper forum. As the defendant has succeeded on the merits, in spite of his objection to the form, under all the circumstances the inconvenience of taking the appeal should be put upon the complainant. As we are in some doubt whether the case, strictly, falls within the rule established in the case cited, and as the complainant, after selecting its forum, insisted upon trying the case on the equity side of the court, it ought not now to be heard to say that the court was without jurisdiction; and, as we see no sufficient reason to be dissatisfied with the conclusions before reached on the merits, the petition for rehearing will be denied, and it is so ordered.